IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Keith Michael Byrne,<br><br>    Plaintiff,<br><br>v.<br><br>Kristi Noem, in her official capacity as Secretary of Homeland Security, et al.,<br><br>    Defendant. | CIVIL ACTION<br>NO. 25-1077 |

**OPINION**

**Slomsky, J.**                              **August 20, 2025**

**I. INTRODUCTION**[1]

Irish national Keith Michael Byrne ("Plaintiff") has been waiting nearly 17 months for consideration of a decision on his application for a temporary immigration benefit, that is, to be allowed to remain in the United States, a delay that he submits is unreasonable under the law. He brings claims against Kristi Noem in her official capacity as Secretary of the Department of Homeland Security, Kika Scott in her official capacity as Acting Director of the United States Citizenship and Immigration Services, and Laura B. Zuchowski in her official capacity as Director of the Vermont Service Center of the United States Citizenship and Immigration Services (collectively, "Defendants"). Plaintiff alleges a claim for unreasonable delay in considering or rending a decision on his application under 5 U.S.C. § 551–59 ("Administrative Procedures Act" or "APA") and 5 U.S.C. § 796 (Count I) and seeks a writ of mandamus under 28 U.S.C. § 1361 ("Mandamus Act") (Count II).

---

[1] These facts are sourced from the Complaint and taken to be true at this stage of the litigation.

1

Plaintiff asks this Court to compel the United States Citizenship and Immigration Services ("USCIS") to issue a decision, or at least an initial review, of Plaintiff's I-914 Application for a T visa submitted on March 22, 2024. Congress created T visas as part of the Victims of Trafficking and Violence Protection Act to protect victims of human trafficking.[2] "Trafficking in persons is not limited to the sex industry. This growing transnational crime also includes forced labor and involves significant violations of labor, public health, and human rights standards worldwide." 22 U.S.C. § 7101(3).

Before the Court is Defendants' Motion to Dismiss the Complaint (Doc. No. 10), Plaintiff's Response in Opposition (Doc. No. 11), and Defendants' Reply (Doc. No. 15). A hearing on the Motion was held with counsel for the parties on July 22, 2025. For reasons that follow, the Motion to Dismiss the Complaint (Doc. No. 10) will be denied.

## II.    BACKGROUND

In October 2007, at age 25, Plaintiff came from Ireland to the United States. (Doc. No. 1-5 at 41–42.) At that time, he did not need a visa because the Visa Waiver Program allows citizens of participating countries, including Ireland, to travel to the United States for tourism or business for up to 90 days without a visa.[3]  8 U.S.C. § 1187(a)(1). When he arrived, his cousin Johnny allowed him to stay with him and promised to "take care" of him and to give him work in painting and construction. (Id. at 42.) As alleged in the Complaint, however, Johnny did neither. Instead, he forced Plaintiff to work for no money to pay off an increasing debt to his cousin for room and

---

[2]  Victims of Human Trafficking: T Nonimmigrant Status, U.S. CITIZENSHIP & IMMIGRATION SERVS., www.uscis.gov/humanitarian/victims-of-human-trafficking-t-nonimmigrant-status (last visited July 29, 2025).

[3]  Visa Waiver Program and ESTA Application, U.S.A.GOV, https://www.usa.gov/visa-waiver-esta (last visited August 19, 2025).

board.  At times, Plaintiff slept on the floor in empty houses he was painting.  (Id. at 43, 46.) Johnny, who "had crews of workers coming and going, most of them Mexican and some Irish, but none [with] legal immigration papers," made Plaintiff "dependent on [him] for absolutely everything."  (Id. at 44.)  Based on these facts, Plaintiff submitted proof of his eligibility for the T visa along with his application.  (Doc. No. 1 ("Complaint" or "Compl.") at ¶ 19.)

In 2009, Plaintiff married a United States citizen who is an emergency room nurse, and they have three (3) children who are United States citizens.  (Id. at ¶ 14.)  After Plaintiff had long outstayed his initial 90-day visit, he applied to regularize his immigration status, relying on his marriage.  (Id. at ¶ 18).  His application was denied because he had two low-level marijuana possession charges years earlier in Ireland.  (Id.)  His appeal of that denial was dismissed in 2019.  (Id.)  He was then detained by United States Immigration and Customs Enforcement ("ICE") agents and jailed for fifteen (15) days.  (Id.)  ICE issued an order of removal and released him under an order of supervision, which continues to the present.  (Id.)

Plaintiff had been waiting almost 12 months for a response to his application for a T visa, which, as noted, was filed on March 22, 2024.  As a result of the delay, he filed the Complaint, and now it has been nearly 17 months, and the application has not yet been considered on the merits. The United States Citizenship and Immigration Services ("USCIS") website says applications are typically processed within 23 months.[4]

In order to qualify for a T visa, one must submit "evidence that the applicant will suffer extreme hardship involving unusual and severe harm if he or she were removed from the U.S." 8 C.F.R. § 214.11(d)(1) and (2).  And, as detailed in the Complaint:

---

[4] Check Case Processing Times, U.S. CITIZENSHIP & IMMIGRATION SERVS., https://egov.uscis.gov/processing-times/ (last visited July 29, 2025).

>10. USCIS policy explicitly allows applicants for benefits to request expedited adjudication of their applications. The agency's Policy Manual states: "Immigration benefit requestors or their authorized representative may request that USCIS expedite the adjudication of their application, petition, request, appeal, or motion that is under USCIS jurisdiction. USCIS considers all expedite requests on a case-by-case basis in the exercise of discretion and generally requires documentation to support such requests." USCIS Policy Manual, Vol. 1, Part A, Chap. 5 (found at https://www.uscis.gov/policy-manual/volume-1-part-a-chapter-5). The Policy Manual provides, in relevant part, "Relevant criteria or circumstances that may be considered in determining whether to grant an expedite request include, but are not limited to . . . Severe financial loss to a company or person, …Emergencies or urgent humanitarian situations . . . ." Id.

(Compl. at ¶ 10.)

The Complaint outlines two (2) reasons why Plaintiff is facing imminent and serious harm and is therefore entitled to expediated adjudication of his T visa application:[5] (1) he is subject to the final removal order and is due to check in with ICE in October;[6] (2) if he is deported, his family would have to choose between splitting up or uprooting themselves, which would cause enormous financial and emotional harm.[7] (Id. at ¶¶ 16–17.) Defendants counter that the Court has no subject matter jurisdiction over this immigration case and, in any event, the Complaint fails to plausibly state a claim for relief.

## III.    RELEVANT STATUTES

The Administrative Procedures Act ("APA") provides in 5 U.S.C. § 555(b):

---

[5] USCIS denied Plaintiff's request for expedited judication of his T visa application on April 7, 2025, but Plaintiff's counsel stated at the hearing held on July 22, 2025 that Plaintiff seeks reconsideration of that denial. (See Doc. No. 15-3 at 2.)

[6] At the hearing the Motion, Plaintiff's counsel stated that Plaintiff's next ICE check-in is in October, and that if deported, Plaintiff will not be eligible for a T visa. The date in October has not been given.

[7] If a T visa applicant has a final order of deportation, exclusion, or removal, he can still apply for a T visa and request a stay of execution of the final order. 8 C.F.R. § 214.204(b)(2)(i).

4

> With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it . . .

5 U.S.C. § 555(b).

In 5 U.S.C. § 706, the scope of judicial review in this type of case is outlined:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed.

5 U.S.C. § 706(1).

The Code of Federal Regulations concerning T visas was amended effective August 28, 2024 to allow for a "bona fide" initial review:

> Once an applicant submits an Application . . . USCIS will conduct an initial review to determine if the application is bona fide . . .

8 C.F.R. § 214.204(m).

And the Mandamus Act, 28 U.S.C. § 1361, confers jurisdiction as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

IV.    **STANDARD OF REVIEW**

   A.    **Subject Matter Jurisdiction**

28 U.S.C. § 1331 gives district courts subject matter jurisdiction over questions of federal law,[8] but Congress may "restrict the judicial power of the United States Courts" by statute. Monarch Anthracite Mining Co. v. Coffin, 102 F.2d 337, 339 (3d Cir. 1939). "If the court

---

[8] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal on the grounds that the Court lacks subject matter jurisdiction.

A district court must first determine whether the motion presents a "facial" attack or a "factual" attack on the claim at issue "because that distinction determines how the pleading must be reviewed." Const. Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge contests the sufficiency of the complaint because of a defect on its face, such as lack of diversity among the parties or the absence of a federal question. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In a facial challenge, a court applies the same standard of review used in considering a motion to dismiss under Rule 12(b)(6). A factual attack, on the other hand, challenges the actual failure of the plaintiff's claims to "comport with the jurisdictional prerequisites . . ." U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). Here, only a facial attack is being made, so the Court will apply the same standard of review used in considering a motion to dismiss under Rule 12(b)(6).

**B.** **Failure to State a Claim Upon Which Relief Can Be Granted**

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads

6

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

Applying the principles of Iqbal and Twombly, the Third Circuit Court of Appeals in Santiago v. Warminster Township, set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

629 F.3d 121, 130 (3d Cir. 2010) (alteration in original) (quoting Iqbal, 556 U.S. at 675, 679). The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## V.    ANALYSIS

The case arises under federal statutes involving administrative matters that apply to immigration. It also arises under the Mandamus Act, 28 U.S.C. § 1361, which confers original jurisdiction on district courts "to compel an offer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. And 28 U.S.C. § 1331 confers subject matter jurisdiction over questions of federal law.[9]

For these reasons, this Court has subject matter jurisdiction over this case. But despite what appears to be self-evident, Defendants argue this Court does not have subject matter jurisdiction over this case because the agency at issue, the United States Citizenship and Immigration Services ("USCIS"), has done nothing wrong. At the motion to dismiss stage,

---

[9]   As noted above, however, district courts must also determine whether the scope of what can be considered is limited by other statutes as it relates to the facts of a particular case.

however, where the Court considers the allegations in the Complaint in the light most favorable to Plaintiff, the Court disagrees with Defendants' position for the reasons that follow.

**A.     An Unreasonable Delay in Processing Plaintiff's T Visa Application Has Been Plausibly Pled in This Case**

First, pursuant to 5 U.S.C. § 706 and the APA, a court must consider whether the delay in processing an application for a T visa is unreasonable under the law. Therefore, at the motion to dismiss stage, a court must assess whether a plaintiff has alleged enough facts to show that the delay was unreasonable. See Yu v. Blinken, No. CV 24-6347, 2025 WL 1669055, at *6 (E.D. Pa. June 12, 2025) (finding that the determination of the merits of the unreasonable-delay claim would be premature without the benefit of a more fully developed record).

Here, Plaintiff has now been waiting 17 months for his application to be processed. Because the USCIS website states that 80% of these applications are processed within 23 months, the delay in processing Plaintiff's T visa ordinarily would not be considered unreasonable.[10] However, Plaintiff's argument that the 17-month (or 516-day) delay violates the spirit of the law is plausible in light of another federal statute:

> It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application.

8 U.S.C. § 1571(b) (emphasis added).

---

[10] Check Case Processing Times, U.S. CITIZENSHIP & IMMIGRATION SERVS., https://egov.uscis.gov/processing-times/ (last visited July 29, 2025). Because the USCIS website is a matter of public record, the Court may consider it in deciding the Motion to Dismiss the Second Amended Complaint. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.")

In a case in this District in which a plaintiff had been waiting for his I-601A application[11] for 20 months, the court, in denying the defendants' motion to dismiss, noted:

> [T]he sense of Congress is not a deadline. Still, courts do consider "sense of Congress" language. "Congress' expectations do not necessarily carry the force of law, though the 180-day timetable may provide the Court with general guidance." To be sure, the 180-day expectation places light pressure on the scale because it is not mandatory on the agency. But it does add some weight as to reasonableness in the context of the statute.

Saavedra Estrada v. Mayorkas, 703 F. Supp. 3d 560, 570 (E.D. Pa. 2023) (quoting Daraji v. Monica, No. 07-1749, 2008 WL 183643, at *5 (E.D. Pa. Jan. 18, 2008)).

Here, Defendants counter that "[a] plain reading of the language in § 1571(b) "only sets an aspirational standard for when USCIS should determine immigration-benefit applications." (Doc. No. 10-1 (citing Azam v. Bitter, No. 23-cv-4137, 2024 WL 912516, at *7 n.6 (D.N.J. Mar. 4, 2024).) But while 180 days is clearly not a fixed deadline, it is a far cry from 17 months, or 516 days. Thus, in viewing the facts in the light most favorable to Plaintiff, his argument that the 17-month delay violates the spirit of the law is plausible at this stage of the case, where "light pressure on the scale" of reasonableness is coupled with a showing of imminent harm. (See id.)

Regarding the latter, Plaintiff alleges that he is facing imminent harm and is therefore entitled to expedited adjudication of his T visa application because: (1) he is subject to a final removal order and is due to check in with ICE in October; and (2) if he is deported, his family would have to choose between splitting up or uprooting themselves to live in Ireland, either of which would cause enormous financial and emotional harm. (Id. at ¶¶ 16–17.) Defendants

---

[11] An I-601A application seeks a waiver of the unlawful presence grounds of inadmissibility under Immigration and Nationality Act Section 212 (a)(9)(B) before a person leaves the United States to appear at a United States Embassy or Consulate for immigrant visa review. I-601A, Application for Provisional Unlawful Presence Waiver, U.S. CITIZENSHIP & IMMIGRATION SERVS., https://www.uscis.gov/i-601a (last visited August 20, 2025).

contend that this harm is merely speculative because the family would only suffer if Plaintiff is deported, and he has been subject to the removal order for six years and remains in the United States.  (See Doc. No. 10-1 at 12.)  In the Complaint, however, Plaintiff notes that the threat of deportation has "become greatly heightened under the current administration, as [the Department of Homeland Security] has committed itself to a program of 'massive deportation' and individuals such as Plaintiff, with existing removal orders, are most likely to be arrested and deported under this policy."  (Id. at 24.)

In 2016, the Department of Homeland Security ("DHS") amended its regulations governing the procedures for trafficking victims seeking T nonimmigrant status to conform with subsequent legislation, and to codify changes based on DHS' experience implementing the program since 2002 and in response to public comments it received.[12]  One amendment was the establishment of a Bona Fide Determination ("BFD"), meaning that USCIS will consider whether an applicant warrants a favorable exercise of discretion and, if so, will be granted deferred action and a BFD employment authorization document.  This amendment was codified as 8 C.F.R. § 214.204(m).  The amendment demonstrates that DHS thought that adding this discretionary preliminary consideration was an improvement to the existing program for allowing trafficking victims to seek T visas to remain in the United States temporarily.

It follows that Plaintiff, an applicant who has shown that he is facing imminent harm, has alleged in his Complaint sufficient facts to show unreasonable delay and that he should be afforded an initial review of his T visa application, even if he filed his application prior to the effective date of 8 C.F.R. § 214.204(m), the amendment allowing interim review.

---

[12]  Classification for Victims of Severe Forms of Trafficking in Persons; Eligibility for "T" Nonimmigrant Status, FED. REGISTER, https://www.federalregister.gov/d/2024-09022/p-47 (last visited August 19, 2025).

**B. Other Factors to Consider on the Issue of Unreasonable Delay**

Furthermore, in the context of a plaintiff bringing both an APA claim and seeking a writ of mandamus, the Third Circuit has held:

> [W]e are called upon to balance the importance of the subject matter being regulated with the regulating agency's need to discharge all of its statutory responsibilities under a reasonable timetable . . . With this balance in mind, unreasonable delay should be measured by the following factors:
>
>> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act. Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action. Third, the court should assess the consequences of the agency's delay. Fourth, the court should consider "any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources."

Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin., 145 F.3d 120, 123 (3d Cir. 1998) (citing The Raymond Proffitt Found. v. EPA, 930 F. Supp. 1088, 1102 (E.D. Pa. 1996) (internal citation and quotation marks omitted)). Courts in this district have held that whether a delay is unreasonable requires a "fact-intensive" analysis under the Oil factors:

> As both the APA and the Mandamus Act make clear, "while the statute and regulations governing visa applications do not provide a time fame within which the agency must adjudicate applications, 'the government does not have limitless discretion concerning the timing of processing applications.'" . . . Unreasonable delay in taking a required action as mandated under these Acts is measured in the Third Circuit using the factors enumerated in Oil, Chemical & Atomic Workers Union v. Occupational Safety & Health Admin., 145 F.3d 120 (3d Cir. 1998)

Getson v. Blinken, No. CV 23-4027, 2025 WL 1933704, at *13 (E.D. Pa. July 14, 2025) (citing Denisova v. Mayorakas, No. 23-1902, 2024 WL 2043664, at *2 (W.D. Pa. May 8, 2024) (internal citation and quotation marks omitted)). In Getson, the plaintiff awaited adjudication of a visa application for more than two and a half years, unable to plan a family with her husband during that time and "incur[ing] significant expenses in travelling back and forth to Greece to see her husband . . . ."

11

Getson, 2025 WL 1933704, at *14.  And although the court noted that there was "no evidence or factual assertions on the present record" concerning the other Oil factors, it nonetheless found that the allegations in the Complaint demonstrated that the plaintiff's "claim for unreasonable delay in violation of the Mandamus and Administrative Procedure Acts is plausible and the proper subject of discovery, and denied the defendant's motion to dismiss on that basis.  Id.

Here, with regard to the first Oil factor, as discussed above, while the 516 days that Plaintiff has been waiting for his application to be processed is not unreasonable on its face, the Complaint alleges that waiting that long for an initial review is unreasonable in light of Plaintiff's impending ICE check-in in October, and the harm that would befall on him and his family if his application is not processed before that check-in in October.[13]  (Compl. at ¶ 17.)

As to the second Oil factor, T visas arose as part of the Victims of Trafficking and Violence Protection Act, and while Plaintiff is not claiming that he is being trafficked at this time, he claims that he is currently seeing a therapist to treat the depression and anxiety caused by the alleged trafficking.  (Doc. No. 1-5 at 49-50.)  So in viewing Plaintiff's allegations in the light most favorable to him, he has plausibly alleged that he "is a victim of trafficking whom the law is intended to protect.  The delay in adjudicating his application is manifestly unreasonable viewed through the lens of the Trafficking Victims Protection Act's purposes."  (Doc. No. 11 at 10.)

Concerning the third Oil factor, Plaintiff contends that he and his family will suffer undeniable harm if his application is not considered before he is potentially deported because Plaintiff's American wife works long shifts, and he does a "substantial amount of the childcare"

---

[13]  As noted above, at the hearing the Motion, Plaintiff's counsel stated that Plaintiff's next ICE check-in is in October, and that if deported, Plaintiff will not be eligible for a T visa.

for their two young kids.[14] (Compl. at ¶ 16.) Thus, the consequences of the agency's action are adverse to Plaintiff.

Finally, regarding the fourth Oil factor, Defendants oppose moving Plaintiff to the head of the line for consideration of T visas because it would unfairly prejudice a considerable number of other applicants who may have been waiting longer. There appears to be merit to this argument.

Thus, in balancing the Oil factors, the first three factors weigh in favor of Plaintiff's position, and the fourth factor weighs against it. Accordingly, on balance, accepting the allegations in the Complaint as true and considering them in the light most favorable to Plaintiff, a writ of mandamus to compel agency action may be appropriate at some stage of this case, and for this reason Count I will not be dismissed.

### C.     Plaintiff Plausibly Alleges That USCIS Violated a Clear Duty

Next, pursuant to 28 U.S.C. § 1361 (Mandamus Act), Plaintiff has alleged enough facts to give rise to an inference that USCIS violated a duty for which there is no alternative remedy. As noted earlier, this confers original jurisdiction to this Court.

The Third Circuit has outlined a three-part test to determine whether mandamus is appropriate:

> The mandamus-jurisdiction statute, 28 U.S.C. § 1361, conditions its grant of jurisdiction on the unavailability of adequate alternative remedies. 33 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Judicial Review § 8312 (2d ed. Apr. 2021 update) ("To qualify for mandamus, however, a litigant must satisfy three requirements that courts have characterized as jurisdictional: (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." (citation and quotation marks omitted)).

---

[14]     The stepchild whom they parent is 18 years old. (Compl. at ¶ 14.)

Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health & Hum. Servs., 2 F.4th 121, 132 (3d Cir. 2021). These requirements are jurisdictional. Id.

Here, as to the first Temple factor, there is no fixed statutory deadline to rule on the T visa application, but there is a right to a decision in a reasonable amount of time. Plaintiff has alleged enough facts to raise an inference that the delay here is unreasonable under the circumstances. (See Compl. at ¶ 29); Mitova v. Chertoff, No. 07-2631, 2007 WL 4373045, at *6 (E.D. Pa. Dec. 13, 2007) (holding that because USCIS has a duty under the Immigration and Nationality Act to adjudicate applications for adjustment of status within a reasonable time, the [c]ourt has jurisdiction over plaintiff's claim against the USCIS defendants under 28 U.S.C. § 1361 and the APA, in conjunction with 28 U.S.C. § 1331).

Regarding the second Temple factor, the Complaint plausibly alleges that USCIS is violating this right by denying Plaintiff initial review of his application:

> 30. By failing to adjudicate Plaintiff's eligibility for T nonimmigrant status within a reasonable time and failing to respond to his requests to adjudicate the application, Defendants have "unlawfully withheld or unreasonably delayed" the adjudicative and administrative functions delegated to them by law in violation of 5 U.S.C. § 706(1).

(Compl. at ¶ 30.)

As to the third Temple factor, although a claim under the APA for unreasonable delay can be considered an alternative remedy to seeking a writ of mandamus, "[m]ost of the courts to have considered the issue generally agree that, for purposes of compelling agency action that has been unreasonably delayed, the Mandamus and Administrative Procedure Acts are co-extensive and both statutes are properly addressed together." Getson, 2025 WL 1933704, at *5 (citing Pohl v. United States EPA, Civ. No. 09-1480, 2010 WL 4388071, at *7 (W.D. Pa. Oct. 28, 2010)); Han Cao v. Upchurch, 496 F. Supp. 2d 569, 575 (E.D. Pa. 2007); see also Norton v. S. Utah Wilderness

All., 542 U.S. 55, 63 (2004) (noting that at least insofar as § 706(1)'s authorization for courts to compel agency action unlawfully withheld is concerned, "the APA carried forward the traditional practice prior to its passage when judicial review was achieved through . . . principally writs of mandamus . . ."); but see Abulsheour v. Mayorkas, No. CV 24-548, 2024 WL 5170742, at *2 (E.D. Pa. Dec. 19, 2024) (dismissing a claim for a writ of mandamus in which plaintiffs could instead pursue a claim for unreasonable delay via the APA, where the plaintiff's were seeking to enforce specific timeframes in 8 U.S.C. § 1158(d)(5)).

Therefore, Plaintiff has alleged enough facts in the Complaint to give rise to an inference that a writ of mandamus to compel USCIS to provide Plaintiff with an initial review of his T visa application is warranted and therefore Count II will not be dismissed.

### D. Plaintiff States a Claim Upon Which Relief Can Be Granted

Notably, in primarily moving to dismiss the Complaint for lack of subject matter jurisdiction, Defendants refer to Federal Rule of Civil Procedure 12(b)(6) in a footnote in their Motion, which reads as follows:

> These requirements are "jurisdictional." See Temple Univ. Hosp., 2 F.4th at 132 (remanding with instructions to dismiss mandamus claim for lack of subject-matter jurisdiction). But to the extent that this Court views the evaluation of a mandamus claim under Rule 12(b)(6), the Court may still dismiss because Plaintiff fails to state a claim upon which relief can be granted for the same reasons discussed below. See, e.g., Hu v. Session, No. 18-2248, 2020 WL 7486681, at *2 (E.D.N.Y. Dec. 17, 2020).

(Doc. No. 10-1 at 5 n. 1.)

While the Temple requirements are jurisdictional, the Oil factors, as discussed above, measure the extent to which an agency is delaying a review process unreasonably. In any event, because Plaintiff has alleged enough facts in the Complaint to give rise to an inference in his favor that the delay in processing his T visa application is unreasonable and that he is entitled to either

15

expediated review or an initial review as outlined in 8 C.F.R. § 214.204 (m), Counts I and II will not be dismissed for insufficient pleading.

## VI.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint (Doc. No. 10) will be denied.